UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
**1: 05-10204GAO**

UNITED STATES OF AMERICA

v.

**PAUL HICKS**

**ORDER AND
FINAL STATUS REPORT**

**February 13, 2006**

SOROKIN, M.J.

A Final Status Conference was held before this court on **Monday**, **February 13, 2006**, pursuant to the provisions of Local Rule 116.5(A).  Based on that conference, this court enters the following report and orders.

1.    A trial maybe necessary as to defendant.

2.    The discovery to be provided before the Initial Pretrial Conference is complete and neither party anticipates providing additional discovery as a result of its future receipt of information, documents or reports of examinations or tests.

3.    Any motions to sever, dismiss or suppress are due on **March 6, 2006** with the government's opposition due on **March 27, 2006**.

4.    With the agreement of the parties, this court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of evidence, investigation, evaluation of discovery and dispositive motions, consideration of alternatives concerning how best to proceed with this matter, and preparation of dispositive motions, outweighs the best

interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time for the period of **February 13, 2006**  through **March 27, 2006** is EXCLUDED from the Speedy Trial Act.[1]

5.    The defendant does not intend to raise a defense of insanity or public authority.

6.    As of **March 27, 2006**, five unexcluded days will have elapsed since the arraignment, thus **sixty-five (65)** days remain under the Speedy Trial Act before trial must commence.

7.    The estimated length of trial is five days.

The Clerk shall return this file to the District Judge assigned to this case for further proceedings.

       / s / Leo T. Sorokin                          
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

---

[1]     The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).