UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
          v.                      )    CRIMINAL NO. 05-10204-GAO
                                  )
PAUL HICKS                        )

**GOVERNMENT'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANT'S MOTION TO SUPPRESS**

The United States of America, by and through its attorneys,

Michael J. Sullivan, U.S. Attorney for the District of

Massachusetts, and Nadine Pellegrini, Assistant U.S. Attorney,

hereby files this Memorandum in Opposition to the Defendant's

Motion to Suppress ("Motion").  By the Motion, the Defendant

seeks to suppress the physical evidence recovered during the

execution of a search warrant at 15 Cabot Street,[1] Brockton, MA

on January 20, 2005.

For the reasons that follow, the Defendant's Motion should

be denied.

1. Defendant has not proffered any basis for a finding that

he had an expectation of privacy in the area searched. As such,

he cannot challenge the warrant.[2] "The Fourth Amendment's right

---

[1]The search warrant was for the residence located at 15
Cabot Street, Brockton, MA. Although Hicks was referenced in the
description of the single family dwelling, he was not listed as
the owner or lessee. It was only noted that the dwelling "might"
be occupied by Hicks.

[2]Defendant claims that the search warrant issued was in
violation of Hick's rights to be free from an unreasonable search

to be free from unreasonable searches and seizures is grounded on

**the individual's** expectation of privacy." <u>United States v.</u>

<u>Jimenez</u>, 419 F.3d 34, 40 (1st Cir. 2005)(emphasis added).

　　2.  Assuming for the sake of argument that the court reaches

the issue of the validity of the warrant, probable cause

determinations are to be made by viewing the "totality of the

circumstances" set forth in the affidavit. Illinois v. Gates, 462

U.S. 213 (1983).  Based upon all of the circumstances, the

issuing magistrate's determination that probable cause existed

was reasonable.

　　3. Again, assuming *arguendo*, that the warrant was deficient,

the good faith exception set forth in <u>United States v. Leon</u>, 468

U.S. 897 (1984) would not require exclusion of the evidence.

　　4. An evidentiary hearing is neither required nor necessary

when the issue is a facial challenge to the search warrant.

Defendant has not placed any facts as set forth in the affidavit

at issue. <u>*See*</u> <u>United States v. Pearce</u>, 41 F.3d 1516 (10th Cir.

1994)(affirmance of district court's decision on motion to

suppress based upon 'four corners of the affidavit" and no

evidentiary hearing held.).  <u>*See*</u> also <u>Franks v. Delaware</u>, 438

U.S. 154 (1978)("four corners doctrine" limiting challenges to

the validity of search warrants to review of the information).

---

and seizure. [Def.Mem. 13]. He does not, however, say why this is
so.

**I. Defendant fails to assert a reasonable expectation of privacy and cannot challenge execution of search warrant at 15 Cabot Street, Brockton, MA.**

Before the issue of the adequacy of the search warrant can even be addressed, "[t]he first inquiry in examining a fourth amendment claim is whether the defendant had a reasonable expectation of privacy in the area searched or the items seized." United States v. Lochan, 674 F.2d 960, 963 (1st Cir. 1982). As set forth below, Defendant has failed to carry his burden in this regard.

"It is now settled that a defendant charged with a crime of possession may only claim the benefits of the exclusionary rule if his own fourth amendment rights have been violated, that is, if he had a reasonable expectation of privacy in the area searched...." Lochan, 674 F.2d at 964. Defendant bears the burden of producing facts in support of the claim that *his* rights were violated. "The proponent of a motion to suppress has 'the burden of adducing facts . . . indicating that his own rights were violated by the challenged search.'" United States v. Gama-Bastidas, 142 F.3d 1233, 1238 (10th Cir. 1998). Automatic standing no longer exists in suppression cases. United States v. Salvucci, 448 U.S. 83 (1980). Nor can a defendant assert the personal rights of a third person. "The purpose of the exclusionary rule . . . is to

effectuate the guarantees of the fourth amendment, and .... only

a defendant who have had those rights violated may benefit from

the rule's protection." Lochan, 674 F.2d at 964.

In this case, the Defendant has not addressed the issue of

reasonable expectation of privacy.  His supporting affidavit

contains one sentence in which he simply states he was present at

the time of warrant was executed.[3] The affidavit fails to set

forth any possessory or proprietary interest in the area to be

searched.[4] The affidavit is woefully inadequate to support a

contention that Defendant's rights were violated by the search.

The court should consider the following relevant factors:

possession or ownership of the search area, the prior use of the

area searched, the ability to control or exclude use by others of

the area and a subjective expectation. See generally United

States v. Torres, 188 F.Supp.2d 155 (D.Puerto Rico, 2002). None

of these factors are present. It is the Defendant's burden to

---

[3]Although presence can be a factor, mere presence cannot,
standing alone, provide the required basis for finding a
reasonable expectation. Jones v. United States, 362 U.S. 257,
265-67 (1960).

[4]Courts can require support that a defendant support the
factual allegations in his motion.  See United States v. Baskin,
424 F.3d 1, 3 (1st Cir. 2005)(district court's decision to strike
affidavit was upheld when defendant invoked his privilege against
self-incrimination and refused to answer questions regarding
facts set forth in the his affidavit).  This Court noted in
Baskin:  "As Baskin offered no other evidence of either a
subjective or an objectively reasonable expectation of privacy in
the motel room, other than his affidavit, he has failed to
establish any ground for asserting a Fourth Amendment right."
Id.

satisfy the court in this regard; he must do so initially, and
his failure to do so requires denial of his motion.  Rawlings v.
Kentucky, 448 U.S. 98 (1980),

## II. The affidavit's allegations support a finding of Probable Cause

In determining whether or not the issuing magistrate could
reasonably have found probable cause within the affidavit, this
court's review is deferential and not *de novo*. United States v.
Gary, -- F.Supp.2d-, WL 692016 (E.D.Va, 2006). The reviewing
court must "ascertain whether the magistrate had a substantial
basis for concluding that probable cause existed."  Gary, quoting
Illinois v. Gates, 462 U.S. at 238-9.  Courts should interpret
the warrant in a commonsensical manner. Gates, 462 U.S. at 236.

The court can only review that evidence provided to the
magistrate and "must credit any reasonable inferences that may be
drawn therefrom." Gary, 2006 WL 692016 at 3. Therefore, while
Defendant expends much time and energy on what was *not* present,
he fails to focus on what was before the issuing magistrate.

Based upon a reasonable reading of the affidavit and
including all relevant facts, the magistrate judge could, and did
find the following:

A. That a confidential informant ("CI") had previously
provided reliable information to law enforcement, particularly

with respect to cocaine distribution.  Such information had, in the past, led to the arrest of another individual, and the issuance of search warrants for two residences where a firearm, as previously described by the CI, was recovered.

B. That the CI stated that the CI had previously purchased crack cocaine on multiple occasions from an individual initially identified as "Pudgie."  Additionally, the CI had a cellular phone as the way to reach Pudgie.

C. That "Pudgie" was known to the affiant as a nickname for Paul Hicks.

D. That the CI positively identified a photograph of Paul Hicks as "Pudgie," the person who previously sold the CI crack cocaine. Further the CI provided a physical description that matched that of Hicks.

E. That on January 7, 2005, the CI agreed to make a controlled buy of crack cocaine from Pudgie. During this operation, the CI dialed the particular phone number previously provided as the way to reach Pudgie. CI made arrangements to meet Pudgie at a location in Brockton.  The CI, after the meeting, identified Pudgie as the person who just sold the CI crack cocaine.

F. That on January 16, 2005, the CI agreed to make a second purchase from Pudgie. After calling the same phone number as previously, the CI met Pudgie at a pre-arranged location. A vehicle identified as a black Mazda van with Massachusetts

Registration 63PS28 was observed arriving at the location of the
CI. This vehicle was observed by the affiant.  After the
purchase, the CI informed law enforcement agents that Pudgie had
sold the CI the crack cocaine.  Law enforcement officials
surveilled the vehicle from the location of the purchase to 15
Cabot Street, Brockton.

G. That records for utilities provided at 15 Cabot Street,
Brockton were listed to Paul Hicks with the same social security
number known to law enforcement as that number assigned to Paul
Hicks.

H. That the cell phone used to set up the meetings with
Pudgie was listed to an Edward Robinson who, in the past, had
himself sold crack cocaine to an undercover officer.  That during
that same investigation, Hicks' girlfriend also sold crack
cocaine to undercover law enforcement officers.

I. That as a result of these transactions, a prior search
warrant was executed at 15 Cabot Street and evidence of criminal
activity, including drugs and money, was found.

**A. Probable cause**

"Probable cause is a fluid concept – turning on the
assessment of probabilities in particular factual context, -- not
readily, or even usefully, reduced to a neat set of legal rules."
Gates, 462 U.S. at 232.  Therefore, Defendant's attempts to set

forth facts or circumstances which existed in other cases is meaningless to the decision here. "No one <u>factor possesses talismanic powers." United</u> States v. Khounsavanh, 113 F.3d 279, 285 (1st Cir. 1997).

In this case, the magistrate could consider the fact that the CI had previously provided reliable and credible information. The magistrate could reasonably find that the CI had, in fact, purchased crack cocaine from Paul Hicks in Brockton. The magistrate also had a reasonable basis for finding that the vehicle which brought Hicks to the scene of one sale came from and returned to 15 Cabot Street, Brockton.  The magistrate could reasonably find that the vehicle in question was often seen at the location of 15 Cabot Street.  Although the vehicle was not registered to Hicks, the magistrate could reasonably find that Hicks had, in the past, used other people's vehicles when selling drugs. The magistrate could reasonably find that the cell phone number used by the CI was a method by which to contact Hicks. The magistrate could reasonably find that the cell phone was actually listed to a known drug dealer by the name of Edward Robinson. The magistrate could reasonably find that after Robinson had previously made a sale of drugs to an undercover officer, a search warrant of 15 Cabot Street revealed evidence of criminal activity.

Defendant attempts to downplay this prior activity because, in part, it does not specifically involve Hicks. That narrow focus, however, misses the point. The search warrant was for a place where evidence of criminal activity might be located. It was the intertwining connections between Hicks, Robinson, Yarnell and 15 Cabot Street upon which the magistrate could, and did, reasonably infer that evidence of drug activity would be found at the location.

Probable cause to search a location does not depend on direct evidence or personal knowledge that evidence or contraband is located there. United States v. Hargus, 128 F.3d 1358(10th Cir. 1997). In fact, the affidavit does not have to allege that criminal activity took place at that location. United States v. $149, 442. 43 in U.S. Currency, 965 F.2d 868, 874 (10th Cir. 1992). "It is enough when the affidavit establishes a "nexus between the objects to be seized and the place to be searched from which a person of reasonable caution would believe that the articles sough would be found there." Hargus, 128 F.3d at 1362. Based upon the prior transactions as set forth in the affidavit, which were then coupled with the very recent possession of crack cocaine by the Defendant, it was reasonable for the magistrate to make its determination that the evidence described would be located at 15 Cabot Street.

The Defendant's arguments essentially distill to one concept: defendant simply imposes his own gloss upon the facts presented to the Magistrate and finds them wanting. He claims that the affidavit fails to find a nexus between 15 Cabot Street and evidence of criminal activity.  However, a commonsense reading of the information before the magistrate provides the link.  "The probable-cause nexus between enumerated evidence of the crime and the place "can be inferred from the type of crime, the nature of the items sought, the extent of an opportunity for concealment and normal inferences as to where a criminal would hide [evidence of a crime]." United Stats v. Ribeiro, 397 F.3d 43, 49 (1st Cir. 2005).

Here, the magistrate judge had specific allegations of the distribution of crack cocaine. There were sales of the drug, at least one of which could be related directly the location to be searched. Based upon the affiant's knowledge and expertise, the distribution of crack cocaine required a place in which it was processed before distribution.  It was entirely reasonable to find that 15 Cabot Street was, in fact, the location where those items would be located.

## III. Good Faith Exception would apply

Assuming the court was to reach the merits of the affidavit and find it wanting, the government contends that the good faith exception enunciated in United States v. Leon, 468 U.S. 897 (1984), would control.

In <u>Leon</u>, the Supreme Court held that evidence need not be suppressed when "an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." <u>Leon</u>, 468 U.S. at 920.  Therefore, even should this court find the warrant invalid, the evidence need not be suppressed.  As long as the officers acted in good faith, the reasons behind the exclusionary rule do not come into play and suppression is not required.

It is the magistrate's obligation to determine probable cause. An officer or agent is not "expected to question the magistrate's probable cause determination." <u>Leon</u>, 468 U.S. at 921. In his motion, Defendant makes no claim that the affiant was not acting in good faith.[5] "There is a presumption created in Leon that when an officer relies upon a warrant, the officer is acting in good faith."  <u>United States v. McKneely</u>, 6 F.3d 1447 (10th Cir. 1993). "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an

---

[5]"Exclusion remains the appropriate remedy in several circumstances, including (1) where the magistrate is misled by information in an affidavit that the affiant knew was false or would have known was false except for a reckless disregard for the truth, or (2) where the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. See United States v. Brunette, 256 F.3d 14, 19 (1st Cir.2001) (citing Leon, 468 U.S. at 923, 104 S.Ct. 3405)." United States v. Capozzi, 347 F.3d 327, 332 (1st Cir. 2003). Those circumstances do not apply here as defendant has not specifically raised these claims.

objectively reasonable belief in the existence of probable cause." <u>United States v. Robinson</u>, 359 F.3d 66, 70 (1St Cir.2004).

Given those circumstances, the evidence found during the execution of the warrant need not be suppressed.

**CONCLUSION**

Based upon the foregoing, the government respectfully requests that this court deny the Defendant's motion in its entirety. As set forth in the government's motion, an evidentiary hearing is not required.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/Nadine Pellegrini
       Nadine Pellegrini
       Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic filing:

> Joseph F. Krowski, Jr., Esq.
> 30 Cottage Street
> Brockton, MA        02301

This 10th day of April, 2006.

> <u>/s/Nadine Pellegrini</u>
> Nadine Pellegrini
> ASSISTANT UNITED STATES ATTORNEY