```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                                      Docket No: 05-CR-10204-GAO
_____
                              )
UNITED STATES OF AMERICA      )   DEFENDANT'S REPLY TO THE
                              )   GOVERNMENT'S OPPOSITION TO
v.                            )   DEFENDANT'S MOTION TO SUPPRESS
                              )   EVIDENCE SEIZED PURSUANT TO AN
PAUL HICKS                    )   UNLAWFUL SEARCH WARRANT
_____)
```

**FACTS**

On January 20, 2005, law enforcement officers executed a "no-knock" search warrant on the premises of 15 Cabot Street, Brockton Massachusetts. The warrant was issued by a Brockton District Court clerk magistrate upon information contained in an affidavit of Massachusetts State Trooper, Richard F. Long ("Long").

At the time of the warrant's execution, the Defendant, Paul Hicks ("Mr. Hicks") was present at 15 Cabot Street. He did not consent or otherwise grant permission to the officers to search his person, his immediate surroundings, or the 15 Cabot Street property. The officers' authority to conduct the search was based solely on the search warrant.

On April 27, 2006, a hearing was held regarding the Defendant's Motion to Suppress Evidence Seized Pursuant to an Unlawful Search Warrant. In his supporting memorandum and at

1

hearing, Mr. Hicks challenged the constitutionality of the search. The search warrant, it was argued, was issued upon an insufficient showing of probable cause to believe that a crime was being or had been committed and to believe that contraband or evidence of a crime would be found at 15 Cabot Street. The Defendant challenged the lack of nexus between any alleged criminal conduct and 15 Cabot Street.

The government, in opposition to the Defendant's motion, raised law enforcement's objective good faith as grounds for denying suppression of evidence seized pursuant to the warrant. This reply addresses the government's opposition.

**ARGUMENT**

A careful examination of the facts and circumstances contained in Long's affidavit show that the Leon good faith exception to the exclusionary rule is not applicable in Mr. Hicks's case; therefore, suppression of any and all items seized pursuant to the unlawfully issued search warrant in this case must be suppressed. See United States v. Leon, 468 U.S. 897 (1984).

The exclusionary rule, which suppresses from evidence items seized by government agents in violation of the probable cause requirement of the Fourth Amendment, compels government respect of its citizens' constitutional rights by removing the incentive to disregard them. Mapp v. Ohio, 367 U.S. 643, 656 (1961). The

exclusionary rule is designed to deter police misconduct, rather than to punish judges and magistrates. <u>United States v. Leon</u>, 468 U.S. 897, 916 (1984). Therefore, the Supreme Court has created a good faith exception to the Fourth Amendment's warrant requirement which states that evidence seized in objectively reasonable, good faith reliance on a search warrant that is subsequently held to be defective will not be subject to exclusion. <u>Leon</u>, 468 at 905.

Courts will not tolerate police conduct which intrudes upon its citizens' well recognized and protected Fourth Amendment rights and seeks excuse by placing blame with a judicial magistrate. <u>United State v. Ricciardelli</u>, 998 F.2d 8, 16 (1st Cir. 1993). Suppression of evidence obtained due to an illegally issued search warrant unsupported by probable cause remains the appropriate and just remedy when the executing officers knew or should of known that the search was unconstitutional under the Fourth Amendment. <u>Ricciardelli</u>, 998 F.2d at 15; <u>Leon</u>, 468 at 919. Simple, subjective good faith is irrelevant; the good faith must be objectively reasonable. <u>Ricciardelli</u>, 998 F.2d 8, 15 (1st Cir. 1993).

A determination of good faith is bound by the four corners of the affidavit in application for the warrant. <u>United States v. Hython</u>, 443 F.3d 480, 2006 U.S. App. LEXIS 8286, *17-18 (6th

Cir. 2006)[1]. The court evaluates all attendant circumstances in determining whether or not law enforcement executed a search with objective good faith despite the fact that the warrant was issued without probable cause. United States v. Ricciardelli, 998 F.2d 8, 15 (1st Cir. 1993). When the government asserts that law enforcement agents acted in good faith reliance on the magistrate's decision to issue a search warrant, the court focuses on whether or not law enforcement had objective good faith at the time of the warrant application. Id. at 15-16. If after review of all relevant circumstances, the court is concerned that the police conduct fell outside the range of professional competence expected of law enforcement agents, then good faith will not be found and suppression will be upheld as the appropriate remedy. See Id. at 16.

Among the instances in which the good faith exception does not apply are circumstances in which the search warrant itself is so facially deficient that the executing officers cannot reasonably presume it to be valid or the warrant is so lacking in probable cause as to render official belief in its existence entirely unreasonable. United States v. Ricciardelli, 998 F.2d 15 (1st Cir. 1993) *quoting* United States v. Leon, 468 U.S. 897, 923 (1984). The presence or absence of objective good faith is

---

[1] Lexis.com has not provided page references to the official F.3d reporter to date. Pinpoint references are to the Lexis unofficial citation.

often explored in relation to whether or not a warrant application's supporting affidavit established a sufficient nexus between the alleged illegal activity and the place to be searched. <u>Hython</u>, 2006 US. App. LEXIS *9. The weaker the nexus showing, the less likely the good faith exception will apply. <u>See Id</u>.

In this case, information contained in Long's affidavit was so insubstantial and insufficient to establish a nexus between 15 Cabot Street and alleged criminal activity that no objectively reasonable officer would have concluded that execution of the search warrant at 15 Cabot Street was constitutional under the Fourth Amendment.  Long's affidavit did not establish that alleged drug transactions were in any way connected with 15 Cabot Street.  Long's affidavit contained information that CI#1 would dial a cellular telephone number to arrange crack cocaine purchases at public locations in the city of Brockton from a person know as "Pudgie." Aff. ¶6.  The cellular telephone number was not a land line direct to 15 Cabot Street and was not registered to Mr. Hicks.  CI#1 did not provide information, and the affidavit did not contain information, that CI#1 purchased crack from within 15 Cabot Street.  CI#1 did not mention how often the purchases were arranged, the locations of the purchases relative to 15 Cabot

5

Street, the quantity of drugs purchases, or the amount of money transferred during the purchase. Aff. ¶6.

Long alleged that a controlled purchase of drugs occurred on January 7, 2005. Aff. ¶7. The so called controlled purchase did not occur at the 15 Cabot Street address. Aff. ¶9. Long provided no information regarding the location of the purchase relative to 15 Cabot Street, where the seller departed from prior to the sale, where the seller returned following the sale, the quantity of drug sold, or the amount of cash exchanged. Aff. ¶7. This information, completely absent in Long's affidavit, is particularly important in demonstrating probable cause to believe illegal contraband will be found in the place to be searched. See United States v. Pina, 2003 U.S. Dist. Lexis 1, *4 (D. Mass 2003); United States v. Dessesaure, 429 F.3d 359, 368 (1st Cir. 2005).

A second so called controlled purchase alleged to have occurred on January 16, 2005, contained similar evidentiary deficiencies. Aff. ¶10. The controlled purchase did not occur at 15 Cabot Street. CI#1 dialed the cellular telephone number not registered to 15 Cabot Street nor registered to Mr. Hicks. A black Mazda not registered to 15 Cabot Street or Mr. Hicks arrived at the scene of the purchase. The purchase's location is not described relative to 15 Cabot Street. The seller's travel prior to the sale is not described. Aff. ¶10. Long does

6

allege that the vehicle was surveilled to 15 Cabot Street; however, Long provides no information regarding whether or not the car made stops prior to arriving at the address and whether or not the driver actually entered the premises.  Aff. ¶10.

Apart from the so called controlled purchases, Long provided no other meaningful information to the magistrate to establish a nexus between drug activity and 15 Cabot Street. Mr. Hicks was never physically observed either by CI#1 or police surveillance as ever being present at 15 Cabot Street. Drug activity was never physically observed by CI#1 or police surveillance at 15 Cabot Street. Registry records, phone bill records, nor motor vehicle observations  connect 15 Cabot Street with the alleged drug activity reported in Long's affidavit.

The absolute inadequate showing of probable cause in this case is glaring.  Mr. Hicks's case is analogous to those cases, such as Hython, in which the warrant is found to be so lacking in probable cause as to render official belief in its existence entirely unreasonable.  See United States v. Hython, 443 F.3d 480 (6th cir. 2006); United States v. Ricciardelli, 998 F.2d 15 (1st Cir. 1993) *quoting* United States v. Leon, 468 U.S. 897, 923 (1984). Just as the 6th Circuit held in Hython, the Leon good faith excuse does not apply in Mr. Hicks's case.  See Hython, *supra*; Leon, *supra*. Therefore, the Defendant's Motion to Suppress must be allowed.

## CONCLUSION

For the reasons stated above, as well as those advanced in the Defendant's motion and supporting memorandum to suppress, this court must issue an Order suppressing from evidence any and all items seized pursuant to January 20, 2005, search warrant issued without probable cause.

By his Attorney,

/s/Joseph F. Krowski, Jr., Esquire
JOSEPH F. KROWSKI, JR., ESQUIRE
30 Cottage Street
Brockton, MA 02301
(508) 587-3701
BBO: 640902

Dated: May 12, 2006
m:cri\hicks.reply.goodfaith