UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No: 05-CR-10204-GAO

_____
                                )
UNITED STATES OF AMERICA        )
                                )   **DEFENDANT'S REPLY TO THE**
v.                              )   **ISSUE OF STANDING**
                                )
PAUL HICKS                      )
_____)

## FACTS

On January 20, 2005, law enforcement officers executed a "no-knock" search warrant on the premises of 15 Cabot street, Brockton, Massachusetts. The Defendant, Paul Hicks ("Mr. Hicks") was present on the premises at the time of the warrant's execution.

Mr. Hicks was lawfully inside the premises. He was inside the home babysitting the young children of his former girlfriend Renee Yarell ("Yarell"). Yarell owns the home in which Mr. Hicks was babysitting. As the babysitter, Mr. Hicks was the sole and exclusive adult in charge of the children's safety, care, custody, and well being.

As babysitter for the young children of his former girlfriend at her home with her permission vested with the authority to control care, custody, and the well being of her children, Mr. Hicks maintained a legitimate expectation of privacy while on the premises. Therefore, he asserts standing

1

to challenge the search warrant's execution as unsupported by probable cause.

## ARGUMENT

A citizen's capacity to claim the protections of the Fourth Amendment's protections depends upon whether or not the individual maintained a legitimate expectation of privacy in the searched place.  Minnesota v. Olson, 495 U.S. 91, 95 (1990) *quoting* Rakas v. Illinois, 439 U.S. 128, 143 (1978).  Whether or not an expectation of privacy is legitimate depends upon whether or not it is one that society is prepared to recognize as reasonable.  Id. at 96.

A person may maintain a legitimate expectation of privacy in a place other than his own home.  Olson, 495 U.S. at 97-98.  For example, overnight guests in a host's home maintain a reasonable expectation of privacy to claim standing to challenge the constitutionality of an unreasonable search of the host's premises.  Id.

In this case, Mr. Hicks maintained a legitimate expectation of privacy which society recognizes as valuable and reasonable when he was on the premises of 15 Cabot Street babysitting his ex-girlfriend's young children.  Babysitting children in another's home is a longstanding social custom that serves functions recognized as valuable by society. See Olson, 495 U.S. at 91.  Most all of us have either been babysat or have engaged

the services of a sitter we trust to care for our children to enjoy an evening out. Millions of American's engage the services of sitters, nannies, or day care professionals to watch their children while they work or engage in recreation away from home.

For the period of time that a babysitter occupies the home at the homeowner's request to care for his or her children, the baby sitter assumes responsibility for the care, safety, and custody of the children. He controls who enters and exits the home and under what conditions. The service performed is one of trust and is invaluable.

Mr. Hicks was present at 15 Cabot Street at the time of the warrant's execution babysitting the homeowner's young children. He maintained a legitimate expectation of privacy. Therefore, he has standing under the Fourth Amendment to challenge the search.

## CONCLUSION

For the forgoing reasons the court should conclude that Mr. Hicks has standing to challenge the January 20, 2005, search of the 15 Cabot Street home and issue and Order suppressing from evidence any and all items seized pursuant to the unlawful warrant unsupported by probable cause.

By his Attorney,

/s/Joseph F. Krowski, Jr., Esquire
JOSEPH F. KROWSKI, JR., ESQUIRE
30 Cottage Street
Brockton, MA 02301
(508) 587-3701
BBO: 640902

Dated: May 12, 2006
m:cri\hicks.reply.standing