UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No: 05-CR-10204-GAO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **DEFENDANT'S MOTION FOR DISCOVERY** |
| v. ) | **PERTAINING TO ALLEGED CONTROLLED** |
| ) | **SALES OF COCAINE** |
| PAUL HICKS ) | |
| ) | |

The Defendant, Paul Hicks, moves this court, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Local Rules 116.2 &116.3, to issue an order directing the government to provide him, through counsel, with the following material and potentially exculpatory discovery information:

A. The exact dates and times of the two (2) alleged sales of cocaine made by the defendant to the confidential informant; and

B. Any and all work records of Trooper Long of the Massachusetts State Police that show hours worked on the exact days of the alleged sales of cocaine.

As reasons therefore:

1. Trooper Long's affidavit filed in support of the search warrant alleges two (2) controlled sales of cocaine made by the Defendant on or about January 7th and 15th, 2005.

2. After the time for discovery elapsed, counsel for the defendant, received the defendant's school attendance records. The records cast a substantial doubt as to the validity of the alleged sales of cocaine because the attendance records indicate that on one of the days in question, January 7, 2005, the Defendant was in attendance at Bay State School of Technology. This casts doubt on whether or not the Defendant participated in the alleged controlled sales of cocaine if the sales occurred at all. [1]

---

[1] Defendant's School Attendance records attached as Exhibit 1.

3. On April 23, 2006, when the Defendant's attendance records became known to counsel, a letter, pursuant to Local Rule 116.2 & 116.3(J) was sent to the government requesting disclosure of the information sought by means of this motion. [2]

4. On May 25, 2006, during the second day of hearings regarding the Defendant's Motion to Suppress Evidence, counsel for the Defendant notified the court that disclosure of the requested information was an issue.

5. On June 6, 2006, the government responded to the defendant's correspondence by denying the requested discovery. [3]

6. The government's suggestion that disclosure would reveal the informant's identification is absurd. The alleged sales were eighteen (18) months ago. The mere disclosure of the date and time of the alleged sales would do little to enable one to identify the informant. Furthermore, even if, *arguendo*, the Defendant could identify the informant, this possibility is outweighed by the Defendant's Fourteenth Amendment Due Process Right to access potentially exculpatory evidence. Brady v. Maryland, 373 U.S. 83 (1963); Roviaro v. United States, 353 U.S. 53 (1957).

7. The requested discovery could potentially support the Defendant's request for a motion under Franks v. Delaware, 438 U.S. 154 (1978).

> By his Attorney,
>
> /s/Joseph F. Krowski, Jr., Esquire_____
> JOSEPH F. KROWSKI, JR., ESQUIRE
> 30 Cottage Street
> Brockton, MA 02301
> (508) 584-2555
> BBO: 640902

Dated: June 20, 2006
m:cri\hicks.mtn.discovery.datesandtimes

---

[2] April 23, 2006, correspondence attached as Exhibit 2.
[3] June 7, 2006, correspondence attached as Exhibit 3.

```
07/05/2005              BAY STATE SCHOOL OF TECHNOLOGY                  Page   2
                          Detailed Attendance Report

Name......Paul S Hicks Jr.           Status.........On Leave - Personal
Address...56 Ithaca Road
          Brockton, MA   02301
                                     Program........M/A, A/C, C/R, Days
Phn #(H)..(508)584-3603               Schedule.......MA/AC/CR DAYS
Phn #(W)..                            Startdate......11/04/04
SS #/Stu Num..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   45457     Exp grad date..08/30/05 LDA...01/20/05
================================================================================
                              Include all Dates
                         Include all Attendance Records
                                Index by Date

   Date    Crs Cd/Sec    Description              Hrs Att    Hrs Sched

 01/12/05  MAD-09        Major Appliances Days     6.00       6.00
 01/13/05  MAD-09        Major Appliances Days     6.00       6.00
 01/14/05  MAD-09        Major Appliances Days     0.00       6.00
 01/18/05  MAD-09        Major Appliances Days     6.00       6.00
 01/19/05  MAD-09        Major Appliances Days     5.00       6.00
 01/20/05  MAD-09        Major Appliances Days     6.00       6.00
 01/21/05  MAD-09        Major Appliances Days     0.00       6.00


                              Report Totals:

Total hours completed......  245.00    Total hours scheduled......  270.00
```

*[Signature]* Paul McNeil
Registrar

```
07/05/2005                BAY STATE SCHOOL OF TECHNOLOGY                     Page   1
                              Detailed Attendance Report

Name......Paul S Hicks Jr.              Status.........On Leave - Personal
Address...56 Ithaca Road
          Brockton, MA  02301
                                         Program........M/A, A/C, C/R, Days
Phn #(H)..(508)584-3603                  Schedule.......MA/AC/CR DAYS
Phn #(W)..                               Startdate......11/04/04
SS #/Stu Num..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  45457         Exp grad date..08/30/05 LDA...01/20/05
==============================================================================
                              Include all Dates
                         Include all Attendance Records
                                Index by Date

  Date    Crs Cd/Sec    Description                 Hrs Att    Hrs Sched

11/04/04  MAD-09        Major Appliances Days         6.00       6.00
11/05/04  MAD-09        Major Appliances Days         6.00       6.00
11/08/04  MAD-09        Major Appliances Days         6.00       6.00
11/09/04  MAD-09        Major Appliances Days         6.00       6.00
11/10/04  MAD-09        Major Appliances Days         6.00       6.00
11/15/04  MAD-09        Major Appliances Days         6.00       6.00
11/16/04  MAD-09        Major Appliances Days         6.00       6.00
11/17/04  MAD-09        Major Appliances Days         6.00       6.00
11/18/04  MAD-09        Major Appliances Days         6.00       6.00
11/19/04  MAD-09        Major Appliances Days         0.00       6.00
11/22/04  MAD-09        Major Appliances Days         6.00       6.00
11/23/04  MAD-09        Major Appliances Days         6.00       6.00
11/24/04  MAD-09        Major Appliances Days         6.00       6.00
11/29/04  MAD-09        Major Appliances Days         6.00       6.00
11/30/04  MAD-09        Major Appliances Days         6.00       6.00
12/01/04  MAD-09        Major Appliances Days         6.00       6.00
12/02/04  MAD-09        Major Appliances Days         6.00       6.00
12/03/04  MAD-09        Major Appliances Days         6.00       6.00
12/06/04  MAD-09        Major Appliances Days         6.00       6.00
12/07/04  MAD-09        Major Appliances Days         6.00       6.00
12/08/04  MAD-09        Major Appliances Days         6.00       6.00
12/09/04  MAD-09        Major Appliances Days         6.00       6.00
12/10/04  MAD-09        Major Appliances Days         6.00       6.00
12/13/04  MAD-09        Major Appliances Days         6.00       6.00
12/14/04  MAD-09        Major Appliances Days         6.00       6.00
12/15/04  MAD-09        Major Appliances Days         4.00       6.00
12/16/04  MAD-09        Major Appliances Days         6.00       6.00
12/20/04  MAD-09        Major Appliances Days         6.00       6.00
12/21/04  MAD-09        Major Appliances Days         6.00       6.00
          MAD-09        Major Appliances Days         2.00       0.00    Makeup Hours
12/22/04  MAD-09        Major Appliances Days         6.00       6.00
12/28/04  MAD-09        Major Appliances Days         6.00       6.00
01/03/05  MAD-09        Major Appliances Days         6.00       6.00
01/04/05  MAD-09        Major Appliances Days         6.00       6.00
01/05/05  MAD-09        Major Appliances Days         6.00       6.00
01/06/05  MAD-09        Major Appliances Days         0.00       6.00
01/07/05  MAD-09        Major Appliances Days         6.00       6.00
01/10/05  MAD-09        Major Appliances Days         6.00       6.00
01/11/05  MAD-09        Major Appliances Days         6.00       6.00
```

April 23, 2006

Nadine Pelligrini
Assistant United States Attorney
District of Massachusetts
United States Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210


Re:  United States v. Paul Hicks
Docket Number 1:05-cr-10204

Dear Attorney Pelligrini:

Please be advised that pursuant to Local Rule 116.2 and 116.3(J) I am requesting discovery outside of the initial forty-two (42) day period.  Specifically, I am seeking the exact dates and times of the two alleged controlled buys of Cocaine the confidential informant made from the defendant, and the work records showing time of shift for Trooper Richard F. Long of the Massachusetts State Police for the dates of the alleged buys.

 This request was prompted by information not reasonably known by counsel within the deadline for discovery.  Please contact me as soon as possible.  If we cannot reach agreement on this issue I will file a formal discovery motion with the court.


Very Truly Yours,



/s/ Joseph F. Krowski Jr.
Joseph F. Krowski Jr.



cc. By Electronic Filing
    Paul Lyness, clerk for the Honorable Judge George A. O'Toole Jr.



U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 7, 2006

Joseph Krowski, Esq.
30 Cottage Street
Brockton, MA 02301

        In re: <u>United States v. Paul Hicks</u>
             Criminal No. 05-10204-GAO

Dear Mr. Krowski:

    This is in response to your letter dated April 2, 2006 wherein you request exact dates and times of the two controlled busy and work records of Trooper Richard F. Long for the dates of the two buys.

    I have now had time to both review the file more carefully on this matter and to speak with the case agent involved.

    I note first that the search warrant used the phrase "on or about" and then gave a date. The affidavit also did not specify the time of the buy. I have further reviewed the reports and note that the reports do not contain such information.

    In speaking with the law enforcement officers about this, I have determined that it is the policy of the agency and department to not list the exact date and time in order to shield the identity of the confidential informant. This is a customary practice. <u>See</u> <u>United States v. Carty</u>, 993 F.2d 1005 (1st Cir. 1993). In this particular case, as the confidential informant will not be a witness at the trial, the government declines to

provide further information which may, in fact, reveal the identity of the informant. For that same reason, we are also declining to provide Trooper Long's work records.

                                      Very truly yours,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By: *[signature]*
                                    Nadine Pellegrini
                                    Assistant U.S. Attorney