UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )    Criminal No. 05-CR-10204-GAO
      v.                    )
                            )
PAUL HICKS,                 )
                            )
            Defendant.      )

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY

The Court should deny the Defendant's Motion for Discovery Pertaining to Alleged Controlled Sales of Cocaine ("Def. Mot.") because the defendant has failed to demonstrate that the evidence he submits is so inconsistent with the search warrant affidavit that further discovery is warranted, notwithstanding the risk of disclosing an informant's identity.

Through his motion, the defendant seeks the disclosure of the exact dates and times of two alleged drug sales he made to a confidential informant, as well as records that might show when the lead State Police Trooper on the case worked on those days. The alleged drug sales served as the basis for a search warrant of the defendant's home where drugs and ammunition were discovered. The search warrant affidavit alleges that the sales took place "on or about" January 7 and 15, 2005. The defendant contends that because his school attendance records indicate that he was in school on January 7 for six hours, see Exhibit 2 of Def. Mot., the "records cast substantial doubt as to the validity of the alleged sales." See Def. Mot. at 1 (emphasis added). For

this reason, the defendant believes that he is entitled to additional discovery for the purpose of seeking a <u>Franks</u> hearing.

The defendant's motion is a grasp at straws. He does not disagree with the general proposition under <u>Roviaro v. United States</u>, 353 U.S. 53 (1957) and its progeny that the government is entitled to protect the identity of its confidential informants. <u>See</u> Def. Mot. at 2. Nor does he appear to contest that as a means of protecting an informant's identity, the government may refrain from specifying in a search warrant affidavit the exact time a drug sale involving the informant took place. <u>See</u> <u>United States v. Carty</u>, 993 F.2d 1005, 1009 (1st Cir. 1993). The defendant argues rather that the need to protect the informant's identity should give way to the government's obligation to produce exculpatory evidence.

The problem with the defendant's argument is that he does not articulate how at all how evidence of the exact time of the drug sales might exculpate him. He is not seeking the identity of the informant. <u>See</u> Def. Mot. at 2. In fact, he goes so far as to say that "[t]he government's suggestion that disclosure would reveal the informant's identity is absurd."[1] <u>Id.</u> Rather, the exact date and time of the transactions would be relevant only to an alibi defense – of which makes no mention in his

---

[1] The defendant bases this blanket assertion on nothing other than the passage of time since the transaction.

motion. The evidence proffered by the defendant about his whereabouts is so thin that it does not warrant further discovery that may compromise the informant's identity. The defendant's school records reflect only that he was in school for six hours on January 7, one of the days in which he allegedly sold narcotics to the informant. This evidence hardly raises an alibi defense. Assuming that the records are accurate, he still had eighteen other hours that day to make the quick hand-to-hand transaction described in the affidavit. Moreover, the school records reflect no activity on January 15, the date of the other alleged transaction. In short, the defendant's school records are of little import, and do not warrant the Court's ordering the production of evidence that risks the disclosure of the informant's identity.

What the defendant's motion more explicitly seeks is a <u>Franks</u> hearing. <u>See</u> Def. Mot. at 2, ¶ 7. The defendant of course is not entitled to a <u>Franks</u> hearing merely because there is evidence inconsistent with allegations in the search warrant affidavit. The First Circuit has made clear that "under *Franks*, a defendant may overcome the presumption that a warrant affidavit is valid by making 'a <u>substantial</u> showing that a false statement knowingly and intentionally or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.'" <u>United States v. Owens</u>, 167 F.3d 739, 747 (1st Cir. 1999)

3

(quoting Franks v. Delaware, 438 U.S. 154, 155-56 (1978)) (emphasis added).  The defendant has offered nothing to suggest that the warrant affiant in this case "knowingly and intentionally" made false statements in the affidavit.  The defendant's school attendance records, which is the only evidence he offers, are not even inconsistent with the affidavit, much less suggest that the affidavit was intentionally falsified.  As noted above, the records show only that on January 7, 2005, the defendant was in school not far from his home for six hours.  The records do not account for the defendant's whereabouts the other three quarters of the day.  Nor do the records say anything about the defendant's whereabouts on January 15, the date of the other alleged transaction.

Moreover, the affidavit states that the transactions took place "on or about" January 7 and 15.  In other words, the affidavit does not state that the transactions occurred specifically on January 7 and 15.  For this reason, evidence of the defendant's whereabouts on January 7 carries even less weight in demonstrating that the affidavit was false.  See Carty, 993 F.2d at 1009 (holding that an officer's Franks hearing testimony about the specific date of an informant's controlled drug purchase was not inconsistent with the range of days he provided in the search warrant affidavit).  Indeed, the records say nothing about where he was on January 8 and 9, two days that

would have been within the "on or about" range.

Because the school attendance records fail to raise an inconsistency in the affidavit, much less suggest intentional falsification, the defendant has failed to make the requisite showing under <u>Franks</u>.  Accordingly, his motion should be denied.

```
                              Respectfully submitted,
                              MICHAEL J. SULLIVAN
                              United States Attorney


                         By:  /s/ Jonathan F. Mitchell
                              JONATHAN F. MITCHELL
                              Assistant U.S. Attorney
```