UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )       Criminal No. 05-CR-10204-GAO
      v.                    )
                            )
PAUL HICKS,                 )
                            )
            Defendant.      )

  GOVERNMENT'S MOTION IN LIMINE TO ADMIT OTHER CRIMES EVIDENCE

     The government hereby moves in limine to admit under Federal Rule of Evidence 404(b) proof of the defendant's three prior cocaine distribution/possession-with-intent convictions.  The First Circuit has firmly established that as to defendants charged with possession-with-intent to distribute, the probative value of prior distribution convictions outweighs the risk that such convictions constitute impermissible "bad character" evidence.  In this case, as in those cases, the defendant's prior convictions would tend to show both that the presence of drug distribution paraphernalia would have indicated to him that cocaine was present in an area he controlled (namely, the house where he and the drugs were found), and that, having distributed cocaine previously, he intended this time also to distribute it.

                   Summary of Case and Proffer of Evidence

     This case arose out a search of a single-family house located at 15 Cabot Street in Brockton.  The search warrant was based on evidence that the defendant sold cocaine to a confidential informant twice in the previous two weeks.  The

officers who executed the warrant found the defendant in the master bedroom, appearing to have recently emerged from the shower.  He was the only adult in the house (there were two children in another room).

The searching officers found a variety of evidence of drug activity throughout the house.  In a night stand in the master bedroom, they discovered a cell phone subscribed to the defendant, along with handgun ammunition, holster and empty magazines, and a utility bill in his name.  They also found men's clothing in the closet, including a coat containing approximately $2,000 in cash.  In a kitchen cabinet, they found a digital scale, along with another utility bill in his name.  In the basement, officers discovered approximately twenty-one grams of crack cocaine, and 125 grams of cocaine powder hidden in the legs of a weight bench.  Along a wooden shelf nearby, they found additional tools of the drug trade: a box of baking soda and a package of zip-lock bags.

The defendant was charged by indictment with one count of being a felon-in-possession of ammunition, in violation of Title 18, U.S.C., Section 922(g), and one count each of possessing-with-intent to distribute cocaine base and cocaine, both in violation of Title 21, U.S.C., Section 841(a)(1).  As to the narcotics charges, the government must prove among other things both that the defendant knew the drug packages were hidden in the

bench (as he could not otherwise have "possessed" them) and that he intended to distribute those drugs, instead of merely consuming them.

In order to satisfy its burden of proving both elements, the government wishes to offer evidence, in the form of certified copies of convictions, of the defendant's prior convictions for cocaine distribution-related offenses, namely:

- A 1996 conviction in Plymouth Superior Court for distributing cocaine;

- A 1995 conviction in Plymouth District Court for possession with intent to distribute cocaine; and

- A 1991 conviction in Dorchester District Court for possession with intent to distribute cocaine.

## Argument

The First Circuit repeatedly and unequivocally has held in possession-with-intent cases *practically identical to this one* that evidence of prior drug distribution or possession-with-intent convictions are admissible under Rule 404(b) to demonstrate that the defendant's knowledge of the presence of narcotics and his intent to distribute them.  See e.g. United States v. Garcia, 983 F.2d 1160, 1173 (1st Cir. 1993) (admitting prior distribution convictions of defendants charged with possession-with-intent to distribute cocaine to show that they knew there was cocaine in the apartment and that they intended to distribute it); United States v. Ferrer-Cruz, 899 F.2d 135, 138

(1st Cir. 1990) (introduction of prior convictions of drug trafficking admissible to prove defendant's knowledge that bags found in car contained cocaine); United States v. Rubio-Estrada, 857 F.2d 845, 850 (1st Cir. 1988) (introduction of prior drug trafficking conviction admissible to prove knowledge where defendant claimed he did not know that cocaine was in his house); United States v. Molinares-Charris, 822 F.2d 1213, 1220 (1st Cir.1987) (prior involvement with drug smuggling tended to refute claim of mere presence on boat carrying drugs); United States v. Francesco, 725 F.2d 817, 822 (1st Cir.1984) (prior conviction for selling cocaine admissible to show knowledge and intent to possess and distribute cocaine); United States v. Simon, 842 F.2d 552, 553-55 (1st Cir.1988) (prior drug conviction admissible to prove defendant's knowledge that package contained drugs and not books and to establish intent to distribute).  Indeed, then-Judge Breyer noted that in possession-with-intent cases, the authority to admit such prior convictions is "legion".  See Rubio-Estrada, 857 F.2d at 848 (listing examples).  In each of these cases, the court held that the probative value of such prior convictions as knowledge and intent evidence was not substantially outweighed by their potential prejudicial effect as evidence of "bad character".  See Ferrer-Cruz,899 F.2d at 138 (noting that the probity of such evidence is "quite high"); c.f. United States v. Arias-Montoya, 967 F.2d 708, 711 (1st Cir. 1992) (holding that a

prior conviction for *simple possession* was not relevant to show knowledge or intent).

For precisely the same reasons, the government wishes in this case to introduce Hicks's three prior convictions for drug distribution/possession-with-intent. The convictions would tend to show that Hicks was familiar with how cocaine dealers operate, including how their product is typically packaged. See United States v. Nickens, 955, F.2d 112, 123-24 (1st Cir. 1992) (noting that a prior distribution would tend to show that the defendant knew how cocaine dealers operated). As such, Hicks would have known about the presence of cocaine in the house, given the presence of classic drug trade paraphernalia within his view, such as the ammunition, magazines, digital scale, baking soda and zip lock bags found in house. See Rubio-Estrada, 857 F.2d at 847-48 (observing that one convicted of cocaine sales is more likely than someone who has not to recognize drug paraphernalia). The convictions would also tend to establish, as in the cases cited above, that having distributed cocaine before, Hicks likely intended to distribute the cocaine instead of merely consuming it.[1]

---

[1] The Court of course can limit any risk of prejudice from this evidence by instructing the jury that the evidence is being offered only to show knowledge or intent, and may not be considered as evidence that the defendant has a propensity for drug dealing.

Wherefore, the Court should admit Hicks's prior convictions under Rule 404(b) as evidence of his knowledge of the presence cocaine and his intent to distribute it.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

By:   /s/ Jonathan F. Mitchell
       JONATHAN F. MITCHELL
       Assistant U.S. Attorney