UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA  )<br>                           )<br>     v.                    )<br>                           )<br>PAUL HICKS,                )<br>                           )<br>          Defendant.      ) | Criminal No. 05-CR-10204-GAO |

<u>GOVERNMENT'S MOTION IN LIMINE REGARDING THE ADMISSIBILITY OF
UTILITY BILLS AND OTHER MAIL FOUND DURING THE SEARCH</u>

The government hereby moves in limine to admit utility bills and other mail found during the search of 15 Cabot Street. The items bear the defendant's name and the address "15 Cabot Street" and would be offered to demonstrate that the defendant resided at that address and, therefore, constructively possessed the ammunition and narcotics on which the charges in this case are based. The government anticipates that the defendant will object to the admission of the documents on hearsay grounds. The government submits that it would not offer the items for the truth of the matters they assert (such how much he owed on his cable bill in January 2005), but for the well-established nonhearsay purpose of associating the defendant with the premises.

The First Circuit has held unequivocally that documents offered to establish an individual's association either with other persons or with a given location are not nonhearsay. <u>See</u> <u>United States v. Anello</u>, 765 F.2d 253, 261 (1st Cir. 1985)(admitting into evidence handwritten messages addressed to

the defendant that were offered only to connect the defendant to the person indicated on the message and did not depend on the truth or falsity of the notation).  Such documents are not offered for the truth of the matter asserted in them.  See id.; United States v. Hathaway, 789 F.2d 902, 907-908 (6th Cir. 1986) (admitting transaction statements, advertising materials, copies of cancelled checks, client files, correspondence and client account agreements because the government relied on the defendant's "mere possession of the records" and did not offer the evidence for the truth of the matter asserted).  The rule applies to mail addressed to a defendant.  See United States v. Singer, 687 F.2d 1135, 1147 (8th Cir. 1982) (stating that an envelope addressed to the defendant and another man that was offered to show that the defendant and other man lived together was not hearsay).  It likewise applies to utility bills offered to show that the person listed on the bill is associated with the address on the bill.  See United States v. Arrington, 618 F.2d 1119, 1126 (5th Cir. 1980), cert. denied, 449 U.S. 1086 (1981) (stating that utility bills found in the search of the defendant's home were not hearsay when the bills were used to prove his residence at the house searched and not to prove the truth of their contents).

Wherefore, the Court should admit the utility bills and the personal letter as evidence of Hicks's association with 15 Cabot Street.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                     By:   /s/ Jonathan F. Mitchell
                                        JONATHAN F. MITCHELL
                                        Assistant U.S. Attorney