```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

                         Docket No:  1:05-cr-10204-GAO


               UNITED STATES OF AMERICA

                         vs.

                       PAUL HICKS
```

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PRIOR BAD ACTS

   The defendant moves this court to prohibit the government from offering at trial any evidence of prior bad acts.  Specifically the defendant objects to any reference to alleged prior convictions for distribution/Possession-with-intent to distribute cocaine and to the admission into evidence a tape recording of his purported telephone conversation with Renae Heywood on January 10, 2004.  As reasons therefore, the defendant through counsel asserts the following:

   1. The proffered prior bad act evidence would be offered to show the character of the defendant and action in conformity therewith.  This evidence is prohibited under Federal Rule of Evidence 404(b);

   2. The evidence is marginally relevant and the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and a

    misleading of the jury, thus prohibited under Federal Rule of Evidence 403.

3. Introduction of the evidence at trial will deprive the defendant of his constitutional right to a Fair Trial as guaranteed by the Sixth Amendment to the Constitution of the United States of America.

4. Introduction of the evidence will deprive the defendant of his constitutional right to confront his accusers.

## Summary of the case and proffered evidence

The government has filed a motion in limine to admit into evidence three prior convictions of the defendant for distribution/possession with intent to distribute cocaine, and the tape recording of a phone call allegedly made by the defendant to Renae Heywood back on January 10, 2004. The convictions occurred in 1991, 1995, and 1996 some nine years prior to the date of the alleged offense on the above captioned matter.

On January 20, 2005 members of the Brockton and Massachusetts State Police executed a search warrant at 15 Cabot Street, Brockton MA. Renae Heywood owns the single family home located at this address. On the day the search warrant was executed, the police found Paul

Hicks in an upstairs bedroom.  The police allegedly seized ammunition from a nightstand in the same bedroom, and cocaine from a weight bench located in the basement of the house.

The government indicted the defendant on count of being a felon in possession of ammunition in violation of Title 18, U.S.C., section 922(g), and one count each of possession with intent to distribute cocaine base and cocaine powder both in violation of Title 21, U.S.C., section 841(a)(1).  The defendant has pled not guilty to all of the above listed charges.

The government has by way of written motion notified the court and defendant that they will offer certified convictions of the defendant for distribution/possession with intent to distribute cocaine from 1991, 1995, and 1996.  The government does not provide any more detail about the age or details of the offenses.  Also the government has produced a tape purportedly of a phone call made by the defendant on January 10, 2004 from the Bristol County House of Correction to Renae Heywood.

## Memorandum of Law

The introduction of extrinsic act evidence against a defendant under Federal Rule of Evidence 404(b) poses

problems that merit careful attention. <u>United States v. Esperanza Aguilar-Aranceta</u>, 58 F 3d 796 (1995). The court has developed a two part test to determine the admissibility of such evidence. <u>Id</u>.

First, the trial judge must determine whether the evidence is offered for any purpose other than solely to prove that the defendant had a propensity to commit the crime in question. <u>United States v. Garcia</u>, 983 F. 2d 1160 (1st Circuit 1992). That is, the judge must determine that the evidence has some "special" (emphasis added) probative value. A prior bad act is specially relevant if it is probative of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. <u>Aranceta</u>, at 798. If the trial judge makes the finding that the said evidence has special relevance, than the court must proceed to determine admissibility under Federal Rule of Evidence 403. <u>Id</u>. That is whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. <u>Id</u>.

Here, the government has failed to demonstrate any relevance between the prior convictions and the present allegations. In fact, the court when making such a determination should consider whether the prior bad acts

(1) closely mirror the newly charged crime, (2) are part of a common scheme or course of continuous dealing, or (3) provided the context for the newly charged crime. Aranceta, citing, United States v. Arias-Montoya, 967 F.2d at 712-713.  The government has failed to meet any one of the above listed factors.  The government simply cannot make the connection.  They don't give the exact dates of the prior offenses and the circumstances under which they were committed. What they do offer is the blanket assertion that in these types of cases admissibility is legion.

The cases cited by the government are distinguishable from the present.  In Aranceta, the court made a specific finding that the prior conviction was similar to the new offense in several aspects. Id. at 799.  In that case on both occasions the defendant picked up packages containing cocaine from the post office. The packages were addressed to the same person and both were sent from Medellin, Colombia to the defendant's post office box in San Juan Puerto Rico.  The court found that the prior conviction was relevant on the issue of a common scheme and knowledge because a person familiar with the cocaine trade would not reasonably be duped into unknowingly possessing the drug in the mail on two separate occasions. Id.  Even under these circumstances the court considered relevance a close call.

Id. In fact, the case was overturned on grounds that the probative value was outweighed by the danger of unfair prejudice. Id.

Also distinguish the following: <u>United States of America vs. Alejandro Rubio Estrada</u>, 857 F.2d (1988)(The defendant owned the house and there was evidence that he had come into contact with a large amount of cash, white powder (a cutting agent), drug ledgers, and other tools of the drug trade. The defendant testified and gave innocuous explanations for the presence of the items. The court held the evidence of a prior possession with intent to distribute cocaine conviction was relevant to rebut his explanation. A person with a prior conviction would be more likely to know that a drug operation was located within the house. Id., and <u>United States v. Carlos Ferrer-Cruz</u>, 899 F.2d. 135 (1990)(The defendant was involved in a drug deal where he switched cars with alleged co-conspirators during a drug transaction. The prior conviction was relevant to show knowledge and refute the argument that the defendant was merely present). Id.

Here, the defendant has not asserted that he does not have knowledge of what cocaine or instruments of the cocaine trade look like. The defendant's position is quite different, he had no knowledge of the presence of the

cocaine at the house period.  Unlike, the facts in Rubio-Estrada there is no inference or testimony that the defendant saw the items and did not recognize them.

The court cannot and should not make a determination that the prior convictions are relevant.  Even if arguendo, it did.  The probative value would be far outweighed by the danger of unfair prejudice. The remoteness in time negates any finding of probative value.  In United States v. Lynn, 856 F.2d. 430 (1st Circuit 1988) the court noted that six years between a prior conviction and a charge offense significantly diminished the probative value of the prior conviction.  Here the prior convictions are respectively nine, ten, and fourteen years removed from the instant offense.

The court cannot find the proffered evidence is specially relevant. Any probative value to the prior convictions and the taped phone conversation is certainly outweighed by the danger of unfair prejudice.  Like the prior conviction, the taped phone conversation made from a correctional institution will let the jury know the defendant has a criminal record.  The risk of conviction based upon past crimes rather than the present allegations is too great to allow the proffered evidence in at trial.

                    Counsel for the defendant,

                    <u>/s/Joseph F. Krowski Jr.</u>
                    Joseph F. Krowski Jr.
                    30 Cottage Street
                    Brockton MA 02301
                    508-584-2555

Dated:  October 15, 2006