```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

                         Docket No:  1:05-cr-10204-GAO


              UNITED STATES OF AMERICA

                         vs.

                      PAUL HICKS
```

<u>DEFENDANT'S MOTION TO CONTINUE (with attached affidavit)</u>

The defendant moves this court to continue the trial scheduled for October 16, 2006 for two weeks for the purposes of filing a motion for a Franks hearing. As reasons therefore the defendant through counsel submits the following:

1. The defendant has a right under the Fourth Amendment to the Constitution of the United States to challenge the veracity of the information contained within the search warrant.

2. The defendant can make a substantial preliminary showing that a false statement was knowingly and intentionally or with reckless disregard for the truth included in the application of the search warrant for 15 Cabot Street, Brockton MA.

3. The false statements were absolutely necessary to support a finding of probable cause.

4. It is in the interests of justice to allow this motion.

                         Counsel for the defendant,

                         /s/Joseph F. Krowski Jr.
                         Joseph F. Krowski Jr.
                         30 Cottage Street
                         Brockton MA 02301
                         508-584-2555

Dated: October 15, 2006

```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

                        Docket No:  1:05-cr-10204-GAO


              UNITED STATES OF AMERICA

                         vs.

                      PAUL HICKS
```

AFFIDAVIT OF ATTORNEY JOSEPH F. KROWSKI JR. FILED IN SUPPORT OF THE DEFENDANT'S MOTION TO CONTINUE

I, attorney Joseph F. Krowski Jr. do hereby swear the following to be true:

1. I am counsel for the defendant on the above captioned matter.

2. The defendant is facing a possible life sentence.

3. The search warrant in this case alleges that a confidential informant made controlled buys of cocaine from the defendant on or about January 7, 2005 and on or about January 16, 2005.

4. The defendant has vigorously denied making the sales of cocaine to the informant.

5. On September 6, 2006 the court allowed the defendant's motion for discovery pertaining to the dates and times of the controlled buys and for work records of the members of law enforcement involved.

6. On September 15, 2006 the government represented by Assistant United States Attorney Jonathan F. Mitchell has only partially complied with the ORDER.

7. The government is unable to give the exact date of the controlled buys despite the court order instructing it to do so.

8. Trooper Richard Long the affiant through the government claims that he cannot remember the specific date when either buy took place.

9. Trooper Long also claims that not one of the seven officers including himself that conducted surveillance during the alleged buys has a single note or memo concerning them.

10. The government did provide work records for the officers.

11. A review of the records shows that Trooper Long did not work on January 15, 16, or 17 of 2005, and on January 14 he only worked four hours of court time.

12. The records of the Brockton Police Department do not show that Detective Morrissey, who allegedly (emphasis added) participated in both controlled buys, worked on January 7, 2005. The records also show that Detective Morrissey did not work on January 16 or 17 of 2005.

13. Within the past month the government has provided the defendant with voluminous discovery, including almost seven hours of taped recorded phone conversations, additional police reports, and other discovery.

14. Due to the workload this issue was not discovered until today.

15. The defendant should not be deprived of his constitutional right to litigate this issue.

Signed on this 16th day of October 2006 under the pains and penalties of perjury.

/s/ Joseph F. Krowski Jr.
Joseph F. Krowski Jr.