UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
            v.                )      Criminal No. 05-10204-GAO
                              )
Paul Hicks                    )
                              )

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America hereby submits pursuant to Fed.
R. Crim. P. 30 its request for jury instructions.  The United
States also requests leave to file additional instructions as may
become appropriate during the course of the trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Jonathan F. Mitchell
    JONATHAN F. MITCHELL
    Assistant U.S. Attorney

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 1**
**(Count One: Felon-in-Possession of Ammunition)**
**(Statute and Indictment)**

Count One charges the defendant with violating Section 922(g)(1) of Title 18 of the United States Code.  This is a criminal statute that provides that it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess ammunition in or affecting commerce.

The Indictment reads as follows:

> On or about January 20, 2006, at Brockton, in the District of Massachusetts,

> **PAUL HICKS**

> defendant herein, did, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, numerous rounds of ammunition.

In order to find the defendant guilty of Count One, you must be satisfied beyond a reasonable doubt of the following three elements:

1. That on or about January 20, 2005, the defendant was a convicted felon, that is, that he was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

2. That on or about January 20, 2005, the defendant knowingly possessed, actually or constructively, rounds of ammunition; and

2

3.    That the ammunition was connected to interstate commerce.

Because it is a crime for a convicted felon to possess ammunition in or affecting commerce, the government may meet its burden of proof on the second element of this crime (possession) if you are satisfied beyond a reasonable doubt that the defendant possessed the ammunition.

18 U.S.C. §922(g)(1); <u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 4.06 (1998); <u>United States v. Botelho</u>, 71 F.3d 436, 439 (1st Cir. 1995).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 2**
**(Prior Felony Conviction)**

The first element which the government must prove is that the defendant was a convicted felon at the time of possession of the ammunition.  You must be satisfied that he was convicted in any court of a crime punishable by imprisonment for a term exceeding one year, and that such conviction took place at a time before the time that it is alleged the defendant was in possession of the ammunition.  In this case, that means the conviction had to be before January 20, 2005.  It does not matter whether the conviction was after a trial or after a plea of guilty, since both have the same consequences.  The actual sentence imposed and, in particular, the actual length of any term of imprisonment, also does not matter.  Nor does it matter whether the defendant actually knew that he had a prior felony conviction.  It is only necessary that the defendant was convicted of a crime for which he could have been sentenced to imprisonment for a term exceeding one year.

In this case, I instruct you that under Massachusetts law, the crimes of possession with intent to distribute a Class B substance and distribution of a Class B substance each carry a maximum sentence of greater than one year.


2 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-48 (1999);
First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06

4

(1998)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3
### (Possession)

The second element the government must prove is that the defendant knowingly possessed the rounds of ammunition charged in the indictment.  The term "possess" means to exercise authority, dominion, or control over something.  It is not necessarily the same as legal ownership.  The law recognizes different kinds of possession, including actual possession and constructive possession.  A person who has direct physical control of something on or around his person is in actual possession of it.  That is, a person who physically holds an object or has it on his person is in actual possession of the object.

A person who is not in actual possession, but who knowingly has both the power and the intention to exercise control over something, is in constructive possession of it.  That is, a person who places or stores an object in a location over which he has the ability to control, and who also intends to exercise control over that object, is in constructive possession of that object.  The government need not prove that the defendant had exclusive control over the area where the object was placed or stored.  The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient to satisfy the second element of this crime.

Possession includes both sole and joint possession.  The defendant need not have exclusive possession of an item for you

6

to determine that he is in constructive possession of it.  If one person alone has actual or constructive possession, possession is sole.  If two or more persons share actual or constructive possession, possession is joint.  Again, the law recognizes no distinction between sole and joint possession; either form of possession is sufficient to satisfy the second element of this crime.

The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others, of the charged ammunition.  It is not necessary for the government to prove ownership of the ammunition for you to find that the defendant possessed them.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998);
United States v. Holt, __ F.3d __, (1st Cir. September 28, 2006).
United States v. Zavala Maldonado, 23 F.3d 4, 7-8 (1st Cir. 1994);
United States v. Wight, 968 F.2d 1393, 1398 (1st Cir.1992)
United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
United States v. Meade, 110 F.3d 190, 202-03 (1st Cir. 1997);
United States v. Rogers, 41 F.3d 25, 29 (1st Cir. 1994);
United States v. Ladd, 877 F.2d 1083, 1087-88 (1st Cir. 1989);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 16.05 (5th ed. 2000);
2 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-49 (1999).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
(Ammunition)

The term "ammunition" includes any ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

18 U.S.C. §921(a)(17)(A).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 5**
**(Knowledge)**

The government must also establish that the defendant was in knowing possession of the ammunition. An object is possessed knowingly if it is possessed voluntarily and intentionally, not because of mistake or accident.

This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing ammunition. To satisfy this requirement, the government only needs to prove that the defendant knew he was in possession of the charged ammunition.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998);
United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
United States v. Tracy, 36 F.3d 187, 194-95 (1st Cir. 1994);
United States v. Field, 39 F.3d 15, 17 (1st Cir. 1994); 1A Kevin F. O'Malley et al., Federal Jury Practice and    Instructions, § 17.04 (5th ed. 2000).

9

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
**(Proof of Knowledge)**

Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence. Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
1 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 6-17 (1999);
1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, § 17.07 (5th ed. 2000).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
### (In or Affecting Commerce)

The third element that the government must prove in connection with Count One is that the defendant's knowing possession of the ammunition was in or affecting commerce.  This term simply means that the firearm or ammunition must have had some minimal link to interstate commerce.  This element is satisfied if it is established beyond a reasonable doubt that at some time during the life of the ammunition, it moved across a state line.  Thus, if it is established that the firearm or ammunition was manufactured in a state other than Massachusetts and then was possessed by the defendant in Massachusetts, this element has been satisfied.

It is not necessary for the government to prove that the defendant purchased or obtained the firearm or ammunition in some other state and carried it into Massachusetts.  In addition, the government does not have to prove that the defendant knew that the firearm or ammunition had crossed state lines, or that the firearm or ammunition crossed state lines prior to the time that the defendant allegedly became convicted of a crime punishable by a term of imprisonment exceeding one year.

The government need not prove who purchased the ammunition or how it arrived in Massachusetts.  The shipment or transportation of the ammunition across state lines need not be connected to the charge in the indictment and need not have been

11

in furtherance of any unlawful activity.  It may be completely unrelated to the defendant.

All that is required is proof that the ammunition had traveled in interstate commerce by moving across a state line at any time prior to the defendant's alleged possession of it.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.06 (1998);
Barrett v. United States, 423 U.S. 212, 224-25 (1976);
Scarborough v. United States, 431 U.S. 563, 566, 575-577 (1977);
United States v. Acosta, 67 F.3d 334, 340 (1st Cir. 1995);
United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988);
United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995);
United States v. Sanders, 35 F.3d 61, 62 (2d Cir. 1994).
2 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-50 (1999).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 8**
(Counts Two: Possession of Cocaine Base With
Intent to Distribute )
(Statue and Indictment)

The defendant is charged in Counts Two of the Indictment with possessing cocaine base with intent to distribute it on or about January 20, 2005, in violation of 21 U.S.C. §841(a)(1). Cocaine base is also more commonly known as crack cocaine.  It is against federal law to have cocaine base in your possession with the intention of distributing it to someone else.

Count Two of the Indictment reads:

The Grand Jury charges that:

On or about January 20, 2005, at Brockton, in the District of Massachusetts,

PAUL HICKS,

defendant herein, did knowingly and intentionally possess with intent to distribute a quantity of cocaine base, also known as "crack cocaine," a Schedule II controlled substance.

The Grand Jury further charges that the transaction described herein involved at least 5 grams of a mixture or a substance containing a detectable amount of cocaine base, also known as "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

13

For you to find  guilty of this crime, you must be convinced
that the government has proven each of the following elements
beyond a reasonable doubt:

First, that on or about January 20, 2005, the defendant
possessed cocaine base, also known as crack cocaine, either
actually or constructively;

Second, that he did so with a specific intent to distribute
the cocaine base over which he had actual or constructive
possession; and

Third, that he did so knowingly and intentionally.

It does not matter whether the defendant knew that the
substance at issue was cocaine base.  It is sufficient that the
defendant knew that it was some kind of prohibited drug.

I instruct you as a matter of law that cocaine base is a
Schedule II controlled substance, as that phrase is used in the
Indictment.

The government has met its burden on this count of the
Indictment if satisfies you beyond a reasonable doubt as to each
of the three above elements.  However, Count Two charges a fourth
element that you must consider only if you have first found
beyond a reasonable doubt that the first three elements have been
met.  The fourth element, which will require a separate answer
from you on the verdict form if, but only if you find the

14

defendant guilty of possessing cocaine base with intent to distribute, is that the amount of cocaine base was 5 grams or more.  The government bears the burden of proof beyond a reasonable doubt with respect to establishing the weight of cocaine base to be 5 grams or more.

In this case, the parties have stipulated that a plastic bag containing 20.89 grams of cocaine base was found in the basement of 15 Cabot Street.  Therefore, you may treat as proven that the substance was in fact cocaine base and that its weight was 20.89 grams.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.22 (1998);
United States v. Kairouz, 751 F.2d 467 (1st Cir. 1985)
United States v. Latham, 874 F.2d 852, 863 (1st Cir. 1989); see also United States v. Akinola, 985 F.2d 1105, 1109 (1st Cir. 1993); United States v. Morales-Cartagena, 987 F.2d 849, 852 (1st Cir. 1993).
21 U.S.C. § 812(a)(4)

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 9**
(Counts Three: Possession of Cocaine With
Intent to Distribute )
(Statue and Indictment)

The defendant is charged in Counts Three of the Indictment with possessing cocaine with intent to distribute it on or about January 20, 2005, in violation of 21 U.S.C. §841(a)(1). It is against federal law to have cocaine base in your possession with the intention of distributing it to someone else.

Count Three of the Indictment reads:

The Grand Jury charges that:

On or about January 20, 2005, at Brockton, in the District of Massachusetts,

PAUL HICKS,

defendant herein, did knowingly and intentionally possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance.

For you to find guilty of this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First, that on or about January 20, 2005, the defendant possessed cocaine either actually or constructively;

Second, that he did so with a specific intent to distribute the cocaine over which he had actual or constructive possession; and

Third, that he did so knowingly and intentionally.

16

It does not matter whether the defendant knew that the substance at issue was cocaine.  It is sufficient that the defendant knew that it was some kind of prohibited drug.

I instruct you as a matter of law that cocaine also is a Schedule II controlled substance, as that phrase is used in the Indictment.

The government has met its burden on this count of the Indictment if satisfies you beyond a reasonable doubt as to each of the three above elements.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.22 (1998);
United States v. Kairouz, 751 F.2d 467 (1st Cir. 1985)
United States v. Latham, 874 F.2d 852, 863 (1st Cir. 1989); see also United States v. Akinola, 985 F.2d 1105, 1109 (1st Cir. 1993); United States v. Morales-Cartagena, 987 F.2d 849, 852 (1st Cir. 1993).
21 U.S.C. § 812(a)(4)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
### (Possession)

As to both Count Two and Three, the first element the government must prove is that the defendant knowingly possessed a quantity of cocaine base (as to Count Two) and cocaine (as to Count Three). The term "possess" has the same meaning as it did with respect to the possession of a firearm and ammunition charged in Count One. As instructed earlier, possession includes actual or constructive possession, as well as sole or joint possession. A person who knowingly has both the power and the intention to exercise control over something, is in constructive possession of it. That possession may be alone or jointly with others.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998);
United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
United States v. Meade, 110 F.3d 190, 202-03 (1st Cir. 1997);
United States v. Rogers, 41 F.3d 25, 29 (1st Cir. 1994);
United States v. Ladd, 877 F.2d 1083, 1087-88 (1st Cir. 1989);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 16.05 (5th ed. 2000);
2 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-49 (1999).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 11
### (Intent to Distribute)

The intent to distribute is typically established through circumstantial evidence.  In determining whether the defendant intended to distribute any prohibited drug which you conclude was in his actual or constructive possession, you may consider all the surrounding circumstances.

It is not necessary for you to be convinced that the defendant actually delivered a prohibited drug to someone else or that he made any money out of any such delivery.  It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession a substance that he knew was a prohibited drug, and that he intended to transfer it (or some of it) to someone else, with or without any financial interest in the transaction.

A person's intent may be inferred from the surrounding circumstances.  Intent to distribute may, for example, be inferred from a quantity of drugs larger than needed for personal use, from the manner in which it is packaged, or from the presence of a scale.  In other words, if you find these circumstances present then you may infer that the defendant intended any substance you find he knowingly possessed.  The law

does not require you to draw such an inference, but you may draw
it.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.22
(1998);
United States v. Echeverri, 982 F.2d 675, 678-79 (1st Cir.1993)
(considering layout of defendant's apartment, amount of cocaine
found, and the presence of a scale and a ledger as corroborative
of intent to distribute); United States v. Latham, 874 F.2d 852,
863 (1st Cir. 1989); see also United States v. Akinola, 985 F.2d
1105, 1109 (1st Cir. 1993); United States v. Morales-Cartagena,
987 F.2d 849, 852 (1st Cir. 1993).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 12**
**(Aiding and Abetting)**

The government has alleged in the Indictment that the
defendant himself possessed cocaine base with intent to
distribute.  The Indictment charges the defendant as the
"principal" – that is the person who committed the crime as I
have just instructed you.  However, you may also find the
defendant guilty if you determine that he aided and abetted some
other person who committed the crime charged in Counts Two or
Three of the Indictment.

To "aid and abet" means intentionally to help someone else
commit a crime.  To establish aiding and abetting, the government
must prove beyond a reasonable doubt that (1) someone else
committed the crime charged in Count Two of the Indictment
(possession with intent to distribute cocaine base) and (2) the
defendant willfully associated himself in some way with that
crime and willfully participated in it as he would in something
he wished to bring about.  This means that the government must
prove that defendant consciously shared the other person's
knowledge of the underlying criminal act and intended to help
him.  Defendant need not himself commit the entire underlying
crime of possession with intent to distribute cocaine base, be
present when cocaine base is distributed, or be aware of the
details of its distribution to be guilty of aiding and abetting.
But a general suspicion that an unlawful act may occur or that

22

something criminal is happening is not enough.  Mere presence at
the scene of a crime and knowledge that a crime is being
committed are also not sufficient to establish aiding and
abetting.

An act is done "willfully" if done voluntarily and
intentionally with the intent that something the law forbids be
done - that is to say with bad purpose, either to disobey or
disregard the law.


First Circuit Pattern Jury Instruction (Criminal) Inst. 4.02
(1998);
<u>United States v. Palmer</u>, 203 F.3d 55, 66 (1st Cir. 2000)
<u>United States v. Sanchez</u>, 917 F.2d 607, 611 (1st Cir. 1990)
<u>United States v. Campa</u>, 679 F.2d 1006, 1010 (1st Cir. 1982)