```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

                       Docket No:  1:05-cr-10204-GAO


              UNITED STATES OF AMERICA

                         vs.

                      PAUL HICKS

          DEFENDANT'S PROPOSED JURY INTRUCTIONS
```

2.06 Evidence of Defendant's Prior Similar Acts

You have heard evidence that the defendant previously committed acts similar to those charged in this case. You may not use this evidence to infer that, because of his character, Mr. Hicks carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding:

(1) Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

(2) Whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

(3) Whether the defendant acted according to a plan or in preparation for commission of a crime;

or

(4) Whether the defendant committed the acts he is on trial for by accident or mistake.

Remember, this is the only purpose for which you may consider evidence of the defendant's prior similar acts. Even if you find that the defendant may have committed similar acts in the past, this is not to be considered as

evidence of character to support an inference that the defendant committed the acts charged in this case.

## Comment(s)

(1) See Fed. R. Evid. 105; Huddleston v. United States, 485 U.S. 681, 691-92 (1988) ("[T]he trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted."). "Perhaps the safe course for a district court, whenever the matter is in doubt, is (where asked) to give a closing general instruction that bad character is not a permissible inference." United States v. Randazzo, 80 F.3d 623, 630 (1st Cir. 1996). Randazzo contains a discussion of the "distinction between 'direct evidence' and 'other crimes' or 'Rule 404(b)' evidence." Id.; see also United States v. Santagata, 924 F.2d 391, 393-95 (1st Cir. 1991).

(2) This instruction is based upon Fifth Circuit Instruction 1.30 and Eighth Circuit Instruction 2.08.

(3) Courts should encourage counsel to specify and limit the purpose or purposes for which prior act evidence is admitted. One or more of the above instructions should be given only for the corresponding specific purpose for which the evidence was admitted. Instructions for purposes other than that for which the specific evidence was admitted should not be given.

3.03 Defendant's Constitutional Right Not to Testify

[Defendant] has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that [defendant] did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Comment(s)

An instruction like this must be given if it is requested. Carter v. Kentucky, 450 U.S. 288, 299-303 (1981); Bruno v. United States, 308 U.S. 287, 293-94 (1939); see also United States v. Ladd, 877 F.2d 1083, 1089 (1st Cir. 1989) ("We do not, however, read Carter as requiring any exact wording for such an instruction."). It must contain the statement that no adverse inference may be drawn from the fact that the defendant did not testify, or that it cannot be considered in arriving at a verdict. United States v. Brand, 80 F.3d 560, 567 (1st Cir. 1996). It is not reversible error to give the instruction even over the defendant's objection. Lakeside v. Oregon, 435 U.S. 333, 340-41 (1978). However, "[i]t may be wise for a trial judge not to give such a cautionary instruction over a defendant's objection." Id. at 340.

                                        Counsel for the defendant,

                                        /s/ Joseph F. Krowski Jr.
                                        Joseph F. Krowski Jr.
                                        30 Cottage Street
                                        Brockton MA 02301
                                        508-584-2555

Dated: October 18, 2006