UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**

V.                                                                                          CRIM. NO.  05-CR-10204 (GAO)

**PAUL HICKS**

### MOTION FOR REDUCTION OF SENTENCE

Now comes the defendant, Paul Hicks, and respectfully submits this motion and memorandum to address the defendant's eligibility for a reduction in his sentence pursuant to **18 U.S.C. §3582(c)(2)** and **U.S. Sentencing Guidelines §1B1.10**, and to provide a sentencing recommendation to the Court.[1]

#### A.   DEFENDANT'S ELIGIBILITY FOR SENTENCE MODIFICATION

1)   Statement of the Case

On June 8, 2005, the defendant was charged in an indictment with violating 21 U.S.C., §841(a)(1) by possessing with intent to distribute and distribution of cocaine base based on the recovery of 21.22 grams of crack cocaine during the January 20, 2005 execution of a search warrant.  Powder cocaine and (an inoperable) starter pistol firearm were also recovered as part of the search.  The defendant was charged for these offenses as well.  On October 19, 2006, following a jury trial, the defendant was found guilty of all charges.

A Presentence Investigation was commenced and the PSR prepared.  With regard to the

---

[1] The defendant's underlying case is presently on appeal.  Counsel herein does not represent the defendant in his appeal and has been appointed for the sole purpose of addressing the application of 18 U.S.C. §3582(c)(2) to the original sentencing.  No position advanced herein is intended to address any issue that is the subject of the defendant's appeal.  To that extent, counsel herein exclusively does not waive any issue to be addressed on behalf of the defendant in his appeal.  The defendant continues to press all objections raised before trial, at trial, post-trial, to the PSR, and to his sentencing.  This motion exclusively addresses the reduction of the

-2-

Criminal History Category, the defendant was assigned twenty-two criminal history points.

Based on the original base offense level for the crack cocaine and the powder cocaine and the firearm, the defendant's adjusted base offense level was 30. Assuming criminal history category VI, the defendant's sentencing range would have been 168 – 210 months.

Because the government filed a notice pursuant to 18 U.S.C. §851, the defendant faced a mandatory minimum sentence of at least ten years.

The defendant submitted a Sentencing Memorandum and Request for Sentence Below the Advisory Guidelines, ECF #61. The defendant objected to the application of the career offender and armed career criminal provisions as contained in the PSR and as related to the sentencing of the defendant on the grounds that 18 U.S.C. §35553(a) afforded the court the ability to impose a reasonable sentence substantially below the career offender and/or armed career criminal guideline portions.

As a result of the defendant's conviction, Criminal History score, the application of the career offender and armed career criminal provisions of the guidelines, the defendant was sentenced to 360 months.

Under 18 USC § 3582(c)(2), this Court has the authority to reduce a defendant's sentence where a sentencing range has been lowered by the U.S. Sentencing Commission. While the policy statements suggest limits to U.S.S.G. §1B1.10 sentencing authority under 18 U.S.C. §3582, resentencing, particularly in light of *Gall v. U.S.*, 128 S.Ct. 586 (2007) and U*.S. v. Booker*, 543 U.S. 220 (2005) where guidelines were determined to be advisory at best.

On July 18, 2008, the First Circuit Court of Appeals decided *U.s. v. Jenkins*, No. 07-1814

---

defendant's sentence pursuant to 18 U.S.C. §3582(c)(2).

-3-

(July 18, 2008) and addressed the sentencing of a career offender in the face of a claim that the defendant was entitled to a reasonable sentence outside the career offender framework. The defendant had been convicted of drug offenses, *inter alia*, and presented claims under 18 U.S.C. §3553.

Although the sentence was upheld, the case was remanded to "the district court where the Defendant may file, if he wishes, a motion for reduction in sentence pursuant to the recent Guidelines amendment that lowers the sentencing range for certain categories of offenses involving crack cocaine. . ." *Id*. at 12.

Clearly, an individual sentenced as a career offender would not be invited to seek relief if such relief were a nullity. The First Circuit would not extend a meaningless invitation.

The suggestion is that the §3553 provisions have meaning and that the district courts are empowered to fashion a "reasonable sentence" notwithstanding the advisory nature of the Guidelines.

## THE APPROPRIATE SENTENCE

On November 1, 2007, the US Sentencing Commission amended the Sentencing Guidelines, effectively reducing the guideline offense levels for certain quantities of "crack" cocaine by enacting USSG 1B1.10. The provisions of the revised amendment are retroactive.

18 U.S.C. §3582(c) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant 28 U.S.C. 994(O), upon motion of the defendant of the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in §3553 to the extent they are applicable, if such a reduction is

-4-

consistent with applicable policy statements issued by the Sentencing Commission.

§1B1.10(c), including Amendment 706 provides that reductions of two levels for those convicted of crack cocaine offenses shall be applied retroactively. Where the defendant's sentence was based on a sentencing range that has since been lowered, §3582 establishes that the defendant is entitled to be re-sentenced.

Consistent with the 3553(a) factors (nature and circumstances of the offense, history and characteristics of the defendant, need for the sentence imposed with consideration of the seriousness of the offense, need for adequate deterrence, protection of the public, need to provide the defendant with institutional resources as well as the need to avoid disparate sentences with other similarly situated defendants), the defendant asks the court to consider the following:

The court could impose a sentence of fifteen years with eight years of supervised release.

Resentencing under §3582 will permit the Court to take into consideration all of the applicable §3553(a) factors and impose a sentence that is "sufficient but not greater than necessary" to achieve the objectives of sentencing. The defendant maintains that the disparity between the proposed amended crack guidelines sentencing range and the defendant's original career offender sentence is relevant to the Court's evaluation of whether the sentence previously imposed was "greater than necessary" to accomplish the aims of sentencing in this case. *See U.S. v. Martin*, 520 F.3d 87 (2008)(affirming district court's rejection of career offender guideline and sentence below guidelines sentencing range) ("there is a heavy emphasis on a sentencing court's informed discretion." *Id*. at 98). *See* United States Sentencing Commission, *Fifteen (15) Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is*

–5–

*Achieving the Goals of Sentencing Reform* at 134 (2004),

http://www.ussc.gov/15_year/15year.htm("15 year report).

The revised 1B1.10 amendment suggests that the 360 month sentence imposed should be reduced in favor of a sentence that considers the §3553(a) factors that take into account the defendant's individualized background and circumstances. The defendant would urge the court to impose a lesser sentence, perhaps a 168 month sentence with eight years of supervised release, the standard conditions of release and such further conditions as the court determines necessary.

                                            PAUL HICKS
                                            By his Attorney,

                                            /s/William M. White, Jr.
                                            William M. White, Jr.
                                            BBO#: 546283
                                            WILLIAM M. WHITE, JR. And ASSOC., LLC
                                            One Faneuil Hall Marketplace, Third Floor
                                            Boston, MA  02109
                                            (617) 720 - 2002

## C E R T I F I C A T E   O F   S E R V I C E

I, William M. White, Jr., do hereby certify that this document filed thorough the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 28, 2008.

                                            /s/William M. White, Jr.
                                            William M. White, Jr.
                                            Date:  7/28/08