UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                                    \*
UNITED STATES OF AMERICA            \*
                                    \*
V.                                  \*    CRIMINAL DOCKET
                                    \*    NO.  05-CR-10204 - GAO
PAUL HICKS                          \*
                                    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JOINT STATUS REPORT REGARDING**
**DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

Now come the parties and, pursuant to the Standing Procedural Order of the Court, and after conferring with each other, submit the following STATUS REPORT:

(I)   DEFENDANT'S ELIGIBILITY FOR REDUCTION OF SENTENCE

The parties have not agreed on the defendant's eligibility for relief pursuant to 18 U.S.C. §3582.  The defendant was charged with being a felon in possession of ammunition, possession of cocaine base with intent to distribute (21.22 grams of crack cocaine) and possession of cocaine with intent to distribute (125.19 grams of powder cocaine).

Guidelines were calculated for the offenses and for the career offender guideline due to the defendant's prior convictions.  The defendant claims eligibility for a reduction in his sentence based on the revised 18 U.S.C. 3582.

The defendant maintains that the court would be able to consider the more significant disparity between his adjusted offense conduct under the revised crack guideline and the career offender guideline insofar as it relates to the factors under 18 U.S.C. §3553(a).  The more signficant disparity warrants the court's consideration in determining a "reasonable sentence"

-2-

other than the career offender guideline.

### (II) REVISED GUIDELINE CALCULATION

**Government's Position**:  The government does not believe that the guideline range should be revised.

**Defendant's Position**: The original base offense level, including a two-point upward adjustment for a firearm, exclusive of the career offender provisions, was 30.  The adjusted base offense level now would be 28.    With 22 criminal history points, the defendant was placed in CHC-VI.  Without the application of the career offender guidelines the defendant faced a sentencing range of 168 – 210 months.

### (III) RECOMMENDATION FOR SENTENCING

**Government's Position**:  The government's position is that the career offender guideline was properly applied and that the defendant is not entitled to relief under 18 U.S.C. §3582.

**Defendant's Position**: The defendant would request that the Court revise the defendant's sentence within the 168 - 210 month revised Guideline range, or at least re-sentence the defendant taking into consideration the factors under 18 U.S.C. §3553 to fashion a reasonable sentence, at the top (210) or bottom (168) of the applicable guideline range.

### (IV) NECESSITY OF A HEARING

**Counsel for the defendant requests a hearing**.  The government believes that a hearing is unnecessary.

–3–

### (V) EARLIEST PROJECTED RELEASE DATE
### BASED ON LOW END OF THE REVISED GUIDELINES CALCULATION

**Government's Position**: Because the defendant was properly sentenced as a career offender, there is no change in the Guidelines calculation.

**Defendant's Position**: Assuming the defendant was sentenced on the basis of the revised crack Guidelines, the maximum sentence would be 168 months.

### (VI) CONTESTED ISSUES

In light of the parties' differences as to the application of the career offender Guideline, this is the principal contested issue. The government maintains that §3582 does not permit resentencing of a career offender. The defendant maintains that once a defendant is entitled to relief under §3582, the court can and must consider the §3553(a) factors and impose a reasonable sentence.

### (VII) NECESSITY FOR A TRANSCRIPT

A transcript of the sentencing proceeding is needed.

### (VIII) PLEA AGREEMENT

There was no plea agreement.

| | |
|---|---|
| UNITED STATES | PAUL HICKS |
| By its Attorney | By his Attorney, |
| /s/Jonathan Mitchell<br>Jonathan Mitchell<br>Assistant U.S. Attorney | /s/William M. White, Jr.<br>William M. White, Jr.<br>BBO#: 546283<br>WILLIAM M. WHITE, JR. And ASSOC., LLC<br>One Faneuil Hall Marketplace, Third Floor<br>Boston, MA  02109<br>(617) 720 - 2002 |